IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS MOORE,                  )
                               )
        Plaintiff,             )
                               )
v.                             )   No. 02 C 2079
                               )   Paul E. Plunkett, Senior Judge
CINGULAR WIRELESS,             )
                               )
        Defendant.             )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Federal Rule of Civil Procedure ("Rule") 60 motion for reconsideration. Dennis Moore ("Plaintiff") asserts that the Court should reconsider its September 14, 2004 ruling which granted Cingular Wireless's ("Cingular" or "Defendant") motion for summary judgment. Plaintiff claims that because his attorney was unaware of the existence of Defendant's Rule 56.1 statement of facts, his failure to submit his own Rule 56 statement of facts should be considered as excusable neglect. He asks this Court to now accept his statement of facts and reconsider its September 2004 judgment. For the reasons set forth below, the motion is denied.

## Background

Moore filed a complaint against Cingular, alleging racial discrimination and retaliation in violation of Title VII. On December 18, 2003, with its motion for summary judgment, Cingular submitted a memorandum of law in support thereof and a statement of material facts with supporting materials as contemplated by LR 56.1(a)(3). Almost six months later, Moore submitted a response memorandum of law and an affidavit accompanied by exhibits. Moore did not respond to Cingular's statement of material facts as required by LR 56.1(b)(3)(A) nor did he submit a statement of additional

facts as allowed by LR 56.1(b)(3)(B). In July 2004, Cingular filed its reply in which it noted Moore's failure to comply with LR 56.1. Almost one month later, on August 9, 2004, Moore submitted "Plaintiff's Response to Defendant's Statement of Material Facts As To Which It Contends There Is No Genuine Issue." This Court denied Moore leave to file this document; therefore, all material facts set forth in Cingular's LR 56.1(a)(3) statement were deemed admitted. *See* LR 56.1(b)(3)(B); *see also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (upholding strict enforcement of LR 56.1 where non-movant failed to submit factual statement in form called for by rule, thus conceding the movant's version of the facts).

On September 14, 2004, this Court granted Defendant's motion for summary judgment. Plaintiff then sought relief of judgment, contending that his attorney, Maurice Salem, was negligent in not submitting the requisite LR 56.1 statement of facts. On September 21, 2004, Salem withdrew from representing Moore. Over the next several months, the Court appointed approximately four attorneys to represent Plaintiff. Moore contends that because Salem was unaware that Defendant's Rule 56.1 statement of facts existed when he responded to Defendant's motion, this Court should find excusable neglect and reconsider its September 14, 2004 judgment.

## Discussion

Motions for reconsideration serve a limited function to correct manifest errors of law or fact or to present newly discovered evidence or an intervening change of law. *Cosgrove v. Bartolotta*, 150 F. 3d 729, 732 (7th Cir. 1998). Rule 60(b) allows a court to reconsider a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence, fraud, void judgments, judgments satisfied, or "any other reason justifying relief." Fed. R. Civ. P. 60(b).

Under this rule, relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Reconsideration is appropriate only when the facts or law on which the decision was based have changed or "the [c]ourt has patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made a an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration should not be used as an opportunity for parties to rehash old arguments or raise new arguments that could have previously been offered. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (noting reconsideration not appropriate to introduce arguments or evidence that could have been previously heard.) Furthermore, the Seventh Circuit has consistently determined that the non-movant risks concession of movant's version of the facts if the non-movant fails to strictly adhere to the federal rules' directives on what must be included in the pleadings. *See, e.g. Hedrich v. Bd. Regents*, 274 F.3d 1174, 1177-78 (7th Cir. 2001).

Here, Plaintiff attempts to rehash and introduce summary judgment arguments. But because our function here is to only determine whether there is justification under Rule 60 (b) to reconsider the prior judgment, we will not review Plaintiff's summary judgment arguments. In his motion, Plaintiff claims that because Salem was allegedly unaware of Defendant's statement of facts, his failure to comply with Rule 56 should be considered excusable. Plaintiff has not presented newly discovered evidence or law, nor has this Court found any errors of law or fact to justify reconsideration. Plaintiff has not shown that the Court has misunderstood a party, made an improper decision or that mistake, inadvertence, or fraud was involved in the summary judgment ruling.

Even so, Moore contends that this Court granted Defendant's motion for summary judgment because he did not submit a Rule 56.1 statement of facts. In its September 2004 ruling, this Court commented that the absence of Plaintiff's statement of facts did not bolster his case. The Court, however, did not grant Defendant's motion simply because Plaintiff failed to comply with LR 56. Rather, Defendant's motion was granted because Moore failed to establish several of the elements of a prima facie case in both his employment discrimination and retaliation claims. Specifically, Moore failed to show he suffered an adverse employment action, that he was similarly situated and was treated less favorably than others outside his race, that he was qualified for the position, and that causation pretext were present. Despite the Court's reasoning, Plaintiff believed Salem's failure to submit a Rule 56 statement of facts was fatal and that failure should be considered as excusable neglect, thereby compelling this Court's reconsideration. Plaintiff references a Supreme Court case interpreting excusable neglect in a bankruptcy context. *Pioneer Inv. Serv. v. Brunswick Assoc.*, 507 U.S. 380 (1993). Plaintiff contends that to determine whether neglect is excusable, a court should consider: (1) the danger of prejudice to the other party; (2) the length of delay and its impact on the judicial proceeding; (3) the reason for delay or whether it was in movant's control; and (4) whether the movant acted in good faith. *Id* at 395. Plaintiff conclusively, without support, claims that because there will be no prejudice to Defendant, Plaintiff was persistent in requesting the opportunity to file a response, the delay was not in his control, and Plaintiff acted in good faith, this Court should find excusable neglect. (Pl's Mem. Supp. Mot. Recon. at 4-5.) We disagree.

Applying this test, we believe Defendant will, in fact, be prejudiced in having to further utilize resources to defend an action already determined on the merits; the length of the delay due to Plaintiff's extensions and other motions brings this motion almost a year after the final judgment; and

the reason for the failure to file the statement of facts was wholly in Plaintiff's control, as he personally received the documents from Defendant and presented them to his attorney. Furthermore, Plaintiff ultimately possessed the duty to oversee the progress and effectiveness of his counsel. These factors alone prevent us from finding that Plaintiff's delay was excusable. Moreover, as the Seventh Circuit has concluded, such "communication breakdowns" between attorney and client, as seen exhibited by Moore and Salem, are not a sufficient basis to establish excusable neglect. *Lomas Co. v. Wiseley*, 884 F.2d 965, 967 (7th Cir. 1989).

Moore further contends that because of his counsel's error, reconsideration is appropriate. "Attorney carelessness can constitute excusable neglect" under Rule 60(b)(1). *Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir. 2000) (referring to *Federal Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir. 2000)(citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, (1993)). However, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (holding that a failure to timely respond to the summary judgment motion can "only be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness.") A court will not excuse such inattentiveness and neglect. *Id.*

Salem is a licensed attorney permitted to practice law in federal court. He should be well versed in the filing requirements that are mandated under Federal Rule of Civil Procedure 56. Furthermore, he was adequately notified of the existence of the statement of facts from the numerous references to Defendant's Rule 56.1 statement of facts in Defendant's memorandum in support of its motion. This misstep of choosing not to acknowledge the existence of the requisite documents, should be categorized as inattentiveness, rather than carelessness, to the federal filing requirements and the

information set forth in Defendant's memorandum of law. Therefore, Salem's neglect will not be consider as excusable.

Moreover, an individual has an affirmative duty to "'vigilantly oversee' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (citing *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7thh Cir. 2001). It was Moore's duty to ensure that when he began to work with Salem, that he turn over all pertinent documents to him and that he be an active member in overseeing the case. Moore failed to vigilantly oversee his attorney's progress and though he will not prevail in this motion to reconsider, as the Seventh Circuit has held, he may have a viable remedy against his counsel, but that cause of action should not be transferred or thrust upon the district court and its defendants. *Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 247-48 (7th Cir. 2003). We believe that Plaintiff and his counsel inexcusably failed to adhere to LR56 and, accordingly, this Court will not reconsider its September 14, 2004 ruling.

## Conclusion

For the reasons set forth above, Plaintiff's motion to reconsider this courts September 14, 2004 ruling is denied. This is a final and appealable order.

ENTER:

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: NOV 3 2005